IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TODD M. LOPEZ, *as Personal Representative of the Estate of* EDWARD ORNELAS,

        Plaintiff,

    v.

THE GOODYEAR TIRE & RUBBER COMPANY, *et al.*,

        Defendants.

Civ. No. 21-846 KK/SMV

### ORDER[1]

THIS MATTER comes before the Court on Plaintiff Todd M. Lopez's Motion to Remand, filed September 27, 2021. (Doc. 9.) Defendant Goodyear filed a response in opposition on October 25, 2021, (Doc. 16), Plaintiff filed a reply brief on November 22, 2021, (Doc. 18), and Plaintiff filed a notice of briefing complete on November 23, 2021, (Doc. 19). The Court has considered the parties' submissions, the record, and the relevant law. For the reasons below, the Court concludes that Plaintiff's Motion to Remand is well taken and shall be GRANTED.

According to the complaint, Decedent Edward Ornelas was driving a 1997 Mercury Mountaineer on December 12, 2019, when one of the tires failed causing a fatal rollover accident. (Doc. 1-1 ¶¶ 7, 12, 20.) Plaintiff Todd Lopez, as representative of Decedent's estate, brings claims against Defendant Goodyear Tire & Rubber Company for negligence and strict liability in

---

[1] Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have consented to the undersigned to conduct dispositive proceedings and order the entry of final judgment in this case. (Doc. 15.)

allegedly manufacturing the tire, and against Defendant Steven Leaton for negligence in allegedly loaning Decedent the car in a defective condition. (*Id.* ¶¶ 16–38.)

Plaintiff brought this action in state court on August 28, 2020. (Doc. 1 ¶ 1.) On July 27, 2021, Defendant Goodyear removed it to federal court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* ¶ 2.) The parties do not dispute that the amount in controversy requirement is met, but facially, there does not appear to be complete diversity. Although Defendant Goodyear is an Ohio corporation with its principal place of business in Ohio, Plaintiff and Defendant Leaton are both citizens of New Mexico.[2] (*Id.* ¶¶ 9–11; Doc. 1-4 at 10.) Defendant Goodyear, however, asserts that removal is proper because Defendant Leaton is fraudulently joined. (Doc. 1 ¶¶ 11–13); *see Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (holding that a non-diverse, fraudulently joined party did not defeat removal jurisdiction). Plaintiff has now moved for remand, arguing that Defendant Leaton is properly joined and Defendant Goodyear failed to meet its burden to show fraudulent joinder.[3] (Doc. 9 at 6–11.)

### A. Legal Standard

"[T]o invoke diversity jurisdiction, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000. Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (quotations and citations omitted).

---

[2] Plaintiff is deemed to be a citizen of New Mexico because Decedent was a citizen of New Mexico, and under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]"

[3] Plaintiff also argues that Defendant Goodyear's removal is untimely. (*See* Doc. 9 at 4–6.) Because the Court finds that Defendant Goodyear has failed to show fraudulent joinder, it need not consider this argument.

However, a court "may disregard a nondiverse party named in the state court complaint and retain jurisdiction if joinder of the nondiverse party is a sham or fraudulent." *Baeza v. Tibbetts*, No. 06-0407, 2006 WL 2863486, at *3 (D.N.M. July 7, 2006).

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (quotations, citations and alterations omitted). A claim of fraudulent joinder must be pled with particularity and it must be "proven with complete certainty" "upon undisputed evidence" such that it is "subject to summary determination[.]" *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988. And the standard "is more exacting than that for dismissing a claim under [Federal Rule of Civil Procedure] 12(b)(6)[.]" *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, at *2 (10th Cir. 2000) (unpublished).

### B. Discussion

In the notice of removal, Defendant Goodyear argues, pursuant to the second prong of *Dutcher*, that Plaintiff cannot show a valid cause of action against Defendant Leaton. (Doc. 1 ¶ 13.) Plaintiff's claim against Defendant Leaton is for negligence in loaning the vehicle to Decedent. (*See* Doc. 1-1 ¶¶ 32–38.) However, Defendant Goodyear contends that Defendant Leaton "*sold* the vehicle to [Decedent]," and under New Mexico law used car sales between private parties are "as is." (Doc. 1 ¶¶ 15–16 (emphasis in original).) Thus, Defendant Goodyear argues

that Defendant Leaton owed no duty to Decedent, and Plaintiff cannot bring a claim for negligence against him.[4]

When fraudulent joinder is alleged, a court "may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd*, 329 F.2d at 85 (citations omitted). Defendant Goodyear has submitted Defendant Leaton's declaration, in which he states that he "sold the vehicle at issue as is to [Decedent] on or about September-October 2019 for about $1,000-1,200."[5] (Doc. 3-19 ¶ 4.) Plaintiff, in turn, has submitted both the police accident report listing Steven Leaton as the vehicle owner, and the towing company vehicle release form Defendant Leaton signed. (Doc. 9-6 at 1; Doc. 9-10 at 1.) Plaintiff has also submitted the affidavit of Aaron Ornelas, Decedent's son, stating:

> With the exception of a travel trailer a long time ago, when my dad would buy a vehicle, he would tell me he was purchasing it and have me register the vehicle under my name. He never mentioned the Leaton vehicle to me and never asked to register the Leaton vehicle. If he had bought the vehicle he would have told me.

(Doc. 9-7 ¶ 2.)

Federal courts will not "pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Dodd*, 329 F.2d at 85. Here, Defendant Goodyear has not proven with complete certainty that Defendant Leaton sold the vehicle to Decedent. Rather, both parties have submitted probative evidence, and

---

[4] Plaintiff argues that even if Defendant Leaton had sold the car the car to Decedent, a valid claim could still be brought. (*See* Doc. 18 at 7.) But the Court need not consider this argument because Defendant Goodyear has not met its burden of showing Defendant Leaton sold the car.

[5] Defendant Leaton has moved to dismiss the claims against him, arguing that he sold the car to Decedent. (*See* Doc. 3-13.) Attached to his motion to dismiss is a copy of the vehicle title, which Defendant Leaton claims he gave to Decedent upon full payment for the vehicle. (Doc. 3-13 at 4.) Plaintiff notes that the title is "undated, signed by [Defendant Leaton] and a Barbara Macias only, does not identify [Decedent] as the purchaser and also does not indicate the purchase price." (Doc. 9 at 8.)

there appears to be a genuine factual dispute. At this stage in the litigation, it would be inappropriate for the Court to weigh the evidence to resolve this disputed issue. Defendant Goodyear's contentions are therefore insufficient to show fraudulent joinder under *Dutcher*'s second prong.

In its response to Plaintiff's motion to remand, Defendant Goodyear further argues that Defendant Leaton was joined "without any purpose to prosecute the action in good faith as against him and with the purpose of fraudulently defeating the [defendant's] right of removal."[6] (Doc. 16 at 1 (alteration in original) (quoting *Wilson v. Republic Iron & Steel*, 257 U.S. 92, 98 (1921)). In support, Defendant Goodyear relies on Defendant Leaton's declaration stating: "I was contacted by Plaintiff's counsel in the *Lopez* case and told that there was no real interest in pursuing a lawsuit against me but that I was a named defendant in order to bring the lawsuit in state court." (Doc. 3-19 ¶ 3.) According to Defendant Goodyear, Plaintiff's counsel's admission that they had "no real interest in pursuing a lawsuit" against Defendant Leaton shows fraud.

However, even if Plaintiff only brought a claim against Defendant Leaton to defeat diversity jurisdiction, "the motive of a plaintiff in joining defendants is immaterial, provided there is in good faith a cause of action against those joined." *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 189 (1931); *see also Illinois Cent. R. Co. of State of Illinois v. Sheegog*, 215 U.S. 308, 316 (1909) ("[T]he plaintiff has an absolute right to elect, and to sue the tort feasors jointly if he sees fit, no matter what his motive, and therefore an allegation that the joinder of one of the

---

[6] Generally, this type of fraudulent joinder occurs in the context of a plaintiff colluding with a defendant to defeat removal. *See, e.g.*, *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1159 n.11 (D.N.M. 2015) (discussing how parties could collude to keep an action in state court). Here, there are no allegations or evidence that Plaintiff is colluding with Defendant Leaton.

defendants was fraudulent, without other ground for the charge than that its only purpose was to prevent removal, would be bad on its face.") As discussed above, Plaintiff has asserted a valid, genuinely disputed cause of action against Defendant Leaton. His motive for doing so is therefore immaterial.

Moreover, "[a]n allegation of fraud is a serious matter; it is never presumed and must be proved by clear and convincing evidence." *United States v. Thompson,* 279 F.2d 165, 167 (10th Cir.1960). "[F]raudulent joinder, like any other allegation of fraud, must be pleaded with sufficient certainty to justify the conclusion that the joinder was a fraudulent device to prevent removal." *Updike v. West*, 172 F.2d 663, 665 (10th Cir. 1949). Defendant Goodyear has not satisfied this standard. Plaintiff asserts that he and his counsel are pursuing his claim against Defendant Leaton "in accordance with their obligations." (Doc. 18 at 2.) And Defendant Goodyear has not presented "clear and convincing evidence" showing otherwise. *Thompson,* 279 F.2d at 167.

Federal courts are courts of limited jurisdiction, and doubts should be resolved against finding federal jurisdiction. *See F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A defendant asserting fraudulent joinder carries a heavy burden, and Defendant Goodyear has not met that burden here. Because Defendant Goodyear has not shown fraudulent joinder, the Court cannot ignore Defendant Leaton in determining jurisdiction. There is not complete diversity between parties, as is required under 28 U.S.C. § 1332, and this case must be remanded to state court.

For the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Remand (Doc. 9) is GRANTED. It is further ORDERED that this action shall be REMANDED to the First Judicial District Court, County of Santa Fe, State of New Mexico; and each party shall bear its own costs and fees associated with the removal of this matter.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE